# THE FIRE DEPARTMENT OF THE CITY OF TROY, RESPONDENT, *v.* JARED G. BACON AND JOSEPH MAULIN, APPELLANTS.

*Foreign Insurance Companies, how taxed—Laws 1849, ch. 178—Laws 1857, ch. 548.*

The provisions of the Laws of 1849 (chap. 178) are still applicable to incorporated towns and cities other than New York city, the same as before the passage of the act of 1857 (chap. 548). The mode of taxing foreign insurance companies doing business in this State in cities other than the city of New York, was not changed by the act of 1857 (supra).

PARKER, J.—The Defendant Bacon was an insurance agent, doing business at the city of Troy. The Plaintiff is an incorporation of the firemen of that city. On the 9th of January, 1855, Bacon, in pursuance of the requirement of the statute of this State, passed March 30, 1849 (Laws of 1849, ch. 178), executed a bond, with the Defendant Maulin as surety, conditioned to render annually, to the treasurer of said Fire Department, an account of all premiums for insurances effected by him in behalf of foreign associations, and to pay such treasurer two per cent. upon all such premiums. At the date of the bond, and ever since, Bacon was agent of the Liverpool and London Fire and Life Insurance Company, organized abroad and having its American agency in the city of New York. The complaint alleges, for a breach of the bond, the neglect to furnish the account, and to pay the two per cent. for the year ending February 5, 1860. It appeared that the Liverpool and London Fire and Life Insurance Company, during three years preceding the trial, and including the year ending at the last-mentioned date, had upwards of $300,-000 invested upon bonds and mortgages within the State (of which $100,000 was deposited with the Comptroller), all of which, except about $60,000, was upon property in the city of New York, and that the company paid annually, in the city of New York, taxes to the amount of from $5,000 to $6,000. The defence set

up to the action is that, by the Act of April 16, 1857 (Laws of 1857, ch. 548), the mode of taxing foreign associations doing business in this State was so changed as to exonerate the Defendant from performing the condition of the bond ; and the question in the case arises upon the construction of the two acts above referred to.

The law of 1849, by its first section, requires every person who shall act as agent on behalf of any association, not incorporated by the laws of this State, to effect insurances against losses by fire in the city and county of New York, to pay to the treasurer of the fire department of that city, for the use and benefit thereof, annually, two per cent. upon the amount of all premiums received by such person during the year.   The second section requires every such agent, before effecting any such insurances, to give to the fire department of the city a bond, conditioned to render an annual account to such treasurer of all premiums received by him for such insurances effected by him in said city, and for the payment of the two per cent. thereon.   Section three imposes a penalty upon every person who shall effect such insurances without having executed such bond.   Section four requires every such agent to report to the Comptroller of the State, and to the said treasurer, the street and number in said city of his place of business as such agent.   And section five provides that sections one, two, and three shall apply to every city and incorporated village in this State.   No question is made but that, by this act, the bond of the Defendant Bacon was required to be made to the Plaintiff, and that the payment of the two per cent. therein specified was incumbent upon the Defendant.

The act of 1857, so far as it affects the question at issue, is as follows : " Section 1. Sections one, two, three, and four of an Act entitled ' an Act further to amend the acts in relation to insurances on property in this State, made by individuals and associations unauthorized by law,' passed March thirty, eighteen hundred and forty-nine, so far as the said sections are applicable to the city and county of New York, but no further, are hereby repealed, and the following ten sections are substituted therefor : *Provided,* how-

ever, that any corporation or association created by or organized under the laws of any government other than the States of this Union, and having assets, funds, or capital, not less in amount than three hundred thousand dollars, invested in this State, shall be liable to taxation upon such assets, funds, or invested capital, as the same is levied or assessed yearly by law, which tax shall be paid as follows: Such an amount thereof as would be equal to two per cent. upon its gross premiums received for insurances upon property in the city of New York, shall be paid annually, *as hereinbefore provided, to the treasurer of the fire department of the city of New York*, and the residue of said tax requisite to make up the full amount of taxation upon its capital, as hereinbefore provided, shall be paid to the mayor, aldermen, and commonalty of the city of New York, as in the case of ordinary taxation; and the payments so made as aforesaid shall exempt such corporation or association making the same from any and all further taxation upon its premiums, capital, or assets; and whenever such capital shall be reduced below said sum of three hundred thousand dollars, or withdrawn entirely, then, and in either event, such corporation or association shall be liable to pay the tax upon its premiums, as heretofore provided in this act."

Then follows the ten substituted sections above referred to, which, with some modifications and additions, reënact the provisions of the repealed sections, so as to give them greater efficiency in the city of New York.

The act of 1849, so far as it is applicable to the cities and villages of the State other than the city of New York, stands unrepealed, an existing operative statute. Does the *proviso* come in as against *it*, and relieve the foreign associations having the investment of $300,000 from the taxation provided for by *it*, or only relieve them from the tax provided for by the *substituted* sections applicable exclusively to the city of New York? It is manifest, I think, that the entire act of 1857, including the proviso, was intended to apply exclusively to the city of New York. The ten substituted sections confessedly were, and it is equally clear that the last and only remaining section is only so applicable. I am

satisfied that the proviso also was so intended, and that it is simply
a limitation of section 1 (including the ten sub-sections), provid-
ing that the provisions therein contained, as to taxation on pre-
miums, shall not, in a certain event, apply, as without the proviso
they would apply ; and as those provisions are restricted to the city
of New York, the proviso must also be so restricted.   The whole
tenor of the proviso, although its language is in some respects
general, accords with this view of it.   The amount of tax levied
under it is, in its disbursement, confined within the city of New
York, taking the place of the two per cent. on premiums required
by the said ten sub-sections, to the extent of such two per cent.,
and no part of any surplus is extended to other localities, which
are left subject to the act of 1849.   The counsel for both parties
agree that the position of the proviso, for the purpose of construc-
tion, is immediately after the ten sub-sections.   That is in accord-
ance with the effect above given it, in making it qualify those
sections.   In that position its effect is necessarily restricted, as
it seems to me, to those sections, and cannot extend to the act of
1849.   Although these ten sections of the act of 1857 are sub-
stituted for the four sections of the act of 1849, the latter are not
superseded or merged in the former, but continue in operation
with reference to the other cities and villages, precisely as before
the act of 1857 was passed.   Both are complete and independent
acts—the act of 1849 applicable exclusively to the cities and vil-
lages of the State other than the city of New York, and that of
1857 exclusively to the city of New York.   This construction
of the proviso does not conflict with any apparent object of the
enactment, but rather harmonizes with the general policy of the
law in reference to its subject—the taxation of these foreign fire
insurance companies.   That policy, inaugurated by the act of
1849, devotes the proceeds of the taxation of these associations to
the various fire departments of the State where the associations
operate.   I do not think it was the intention of the proviso to
subvert this policy.   The application of the proceeds of the tax
created by it to the fire department of the city of New York, to
an extent equal to two per cent. upon premiums there accruing,

15

indicates not only the *local* character of the proviso, but an adherence to the policy above referred to.

I am of the opinion that the construction adopted by the Supreme Court was right, and that its judgment should be affirmed.

Affirmed.